**EDELSBERG LAW, P.A**
Scott Edelsberg
(Cal. Bar No. 330990)
1925 Century Park E., #1700
Los Angeles, CA 90067
E: Scott@Edelsberglaw.com
T: 310-438-5355
*Attorneys for Plaintiff and Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA CARSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RED BEACON, INC. d/b/a PRO REFERRAL,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *ET SEQ*. (TCPA)**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

## NATURE OF THE ACTION

2. To market its services, Defendant engages in unsolicited text messaging and violates TCPA by continuing to place calls to consumers after they request to opt out of Defendant's messaging.

---

CLASS ACTION COMPLAINT
1

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct. Plaintiff also seeks statutory damages on behalf of herself and the Class members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331.

5. The Court has general personal jurisdiction over Defendant and venue is proper in this District because Defendant resides in this District.

## PARTIES

6. Plaintiff is a natural person who, at all times relevant to this action, was a citizen and resident of Grandbury, Texas.

7. Defendant is a California limited liability company whose principal office is located at 4000 E. Third Avenue, 3rd Floor, Foster City, CA 94404.

## FACTS

8. Defendant continues to bombard Plaintiff's cellular telephone ending in 1034 (the "1034 Number") with marketing text messages even after repeated requests by Plaintiff for the messages to stop. The following screenshots depict the instances of Defendant ignoring Plaintiff's opt-out requests:





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> 232266 >
>
> Fri, Jul 23, 10:00 AM
>
> PROREFERRAL: Help us improve Pro Referral! Your feedback matters. Can you take a 5 minute survey about your experience with our service? https://thd.co/2TwRZbN Msg & data rates may apply. Msg frequency varies. Reply STOP to unsubscribe or HELP for help. See Terms. https://www.proreferral.com/about/legal/privacy/
>
> Stop
>
> Sat, Jul 24, 10:00 AM
>
> PROREFERRAL: Help us improve Pro Referral! Your feedback matters. Can you take a 5 minute survey about your experience with our service?

CLASS ACTION COMPLAINT
4


9. The purpose of the first and last text messages sent by Defendant was to advertise and promote contractor services offered through Defendant's Pro Referral service. Plaintiff would have been required to purchase and pay for the contractor services advertised in those messages and Defendant generates revenue through its Pro Referral program.

10. The remaining messages were sent as purported "survey" requests, but were in reality pretexts to promoting Defendant's Pro Referral service.

11. Indeed, had Plaintiff clicked on hyperlinks contained within the messages, she would have been redirected to Defendant's Pro Referral website where Defendant markets and promotes its services, and Plaintiff would have been exposed to Defendant's marketing.

12. More specifically, as depicted below, the last portion of the "survey" contains a large orange "Request a service" button where Plaintiff and others are encouraged to seek additional services from Defendant:



13. Thus, the ultimate purpose of those messages was to market and promote Defendant's Pro Referral services.

14. The above messages were part of an overall marketing, or profit-seeking, campaign conducted by Defendant to promote its Pro Referral services.

15. Defendant's violation of the TCPA occurred within this district.

16. Given Defendant's refusal to honor opt-out requests, as demonstrated by the above screenshots, Plaintiff is informed and believes that at least 50 individuals received text messages from Defendant after attempting to opt-out of the communications.

17. Plaintiff is the subscriber and/or sole user of the 1034 Number and is financially responsible for phone service to the 1034 Number. Plaintiff uses the 1034 Number for residential purposes and as her residential number.

18. Plaintiff registered the 1034 on the National Do Not Call Registry prior to the receipt Defendant's text messages.

19. To the extent that Defendant claims to have secured consent to text message Plaintiff, Plaintiff clearly and unequivocally revoked her consent when she repeatedly responded "Stop" in response to the messages as depicted in the above screenshots.

20. Defendant failed to honor or abide by Plaintiff's opt-out requests and continued to repeatedly text message Plaintiff after she asked for the messages to stop.

21. Defendant sent Plaintiff no less than four (4) text message solicitations *after* Plaintiff's initial stop request on July 8, 2021.

22. Defendant engaged in a pattern of making numerous telemarketing calls persisting for an unreasonable time following Plaintiff's repeated do-not-call request.

23. Defendant's failure to abide by Plaintiff's opt-out requests is indicative of Defendant's lack of a written policy for maintaining internal do-not-call procedures.

24. Defendant's failure to abide by Plaintiff's opt-out requests is indicative of Defendant's failure to institute procedures for maintaining a list of persons who request not to receive telemarketing calls.

25. Defendant's failure to abide by Plaintiff's opt-out requests is indicative of Defendant's failure to maintain an internal do-not-call list, as well as inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list.

26. Defendant's failure to abide by Plaintiff's opt-out requests demonstrates that Defendant does not record opt-out requests or place subscribers' names and telephone number on any do-not-call list at the time the requests are made

27. Defendant's unsolicited calls caused Plaintiff to suffer injuries including annoyance and disruption to her daily life, as well as violation of Plaintiff's legal rights under the TCPA.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

28. Plaintiff brings this lawsuit as a class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. The Class that Plaintiff seeks to represent is defined as:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, (1) were sent more than one text message within any a 12-month period, (2) regarding Pro Referral, (3) to said person's residential telephone number, (4) after sending any type of opt-out request in response to the messages, including, but not limited to, by replying "stop" to the text messages.**

29. Defendant and its employees or agents are excluded from the Class.

**NUMEROSITY**

30. Upon information and belief, Defendant placed unsolicited text messages to at least 50 consumers. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

31. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

32. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant initiated telemarketing calls to telephone numbers; [2] Whether Defendant continued to text message individuals after they requested for the messages to stop; [3] Whether Defendant failed to properly maintain and internal do not call list and procedures; [4] Whether Defendant's conduct was knowing and willful; [5] Whether Defendant is liable for damages, and the amount of such damages; and [6] Whether Defendant should be enjoined from such conduct in the future.

33. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls without prior express written consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

34. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

35. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

36. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

37. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

# COUNT I
## <u>VIOLATION OF FLA. STAT. § 501.059</u>
### (On Behalf of Plaintiff and the Class)

38. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

39. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> **(1) *Written policy.*** Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> **(2) *Training of personnel engaged in telemarketing.*** Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> **(3) *Recording, disclosure of do-not-call requests.*** If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or

entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

\*          \*          \*

**(6)** *Maintenance of do-not-call lists.* A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

40. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

41. Plaintiff and the Class members made requests to Defendant not to receive calls from Defendant.

42. Defendant failed to honor Plaintiff and the Class members' opt-out requests.

43. In violation of section 64.1200(d), Defendant has failed to (1) implement a written policy for maintaining a do-not-call list; (2) train its personnel on the existence and use of the do-not-call-list; (3) maintain a do-not-call list; and (4) honor do-not-call requests from consumers.

44. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

45. As a result of Defendant's knowing or willful conduct, Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages per violation.

46. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Classes;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and its implementing regulations, Plaintiff seeks for herself and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 277(b)(3);

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and its implementing regulations, Plaintiff seeks for herself and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 277(b)(3)(B) and § 277(b)(3)(C);

e) An order declaring that Defendant's actions, as set out above, violate the TCPA and its implementing regulations;

f) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class;

g) An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, recipient's consent to receive calls made with such equipment;

h) An injunction requiring Defendant to cease all text messaging activity to individuals who have requested to be removed from Defendant's contact list;

i) A declaration that Defendant's practices described herein violate 47 C.F.R. § 64.1200(a)(1)(iii);

j) A declaration that Defendant's violations of 47 C.F.R. § 64.1200(a)(1)(iii) were willful and knowing; and

k) Such further and other relief as the Court deems necessary

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

Dated: July 29, 2022

                                    Respectfully submitted,

                                    **EDELSBERG LAW, P.A**

                                    */s/Scott Edelsberg*
                                    Scott Edelsberg
                                    (Cal. Bar No. 330990)
                                    1925 Century Park E., #1700
                                    Los Angeles, CA 90067
                                    E: Scott@Edelsberglaw.com
                                    T: 310-438-5355
                                    *Attorneys for Plaintiff*